# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEYVI DOMINGUEZ, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| PRIMI PIATTI, INC. d/b/a ) | |
| MAMBO ITALIANO, ) | |
| ) | |
| Defendant, ) | |
| ) | |

## COMPLAINT

Plaintiff Leyvi Dominguez files this Complaint against Primi Piatti, Inc., d/b/a Mambo Italiano restaurant, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Primi Piatti, Inc. d/b/a Mambo Italiano ("Mambo Italiano") is a corporation with its principal place of business at 5165 Peachtree Parkway, Suite 210, Norcross, Georgia, 30092 in this judicial district and division. Its registered

agent for service of process is Angelo Laios, 5165 Peachtree Parkway, Suite 210, Norcross, Georgia, 30092.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Mambo Italiano transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

5. Primi Piatti, Inc. owns and operates Mambo Italiano restaurant, located at 5165 Peachtree Parkway, Norcross, Georgia, 30092, where Plaintiff worked and was denied earned wages and overtime.

6. Plaintiff was a non-exempt employee who worked for Mambo Italiano as an hourly-paid employee, whose primary job responsibilities included cooking at the restaurant.

7. Plaintiff was promised a regular rate of pay of $10.00 per hour and worked in excess of 40 hours per week.

8. Mambo Italiano willfully refused to pay Plaintiff his wages and overtime compensation as required by federal law.

9. Mambo Italiano maintained records of those hours that Plaintiff worked.

10. Plaintiff worked for the period 3 years before filling this complaint through and including approximately July 18, 2015.

11. At all times throughout the relevant period, Plaintiff was an "employee" of Mambo Italiano and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. At all times during the relevant period, Mambo Italiano was the "employer" of Plaintiff under the FLSA.

13. At all times during the relevant period, Mambo Italiano had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

14. During the relevant period, Mambo Italiano was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**

15. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

16. At all relevant times, Mambo Italiano was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all relevant times, Mambo Italiano employed Plaintiff within the meaning of the FLSA.

18. At all relevant times, Mambo Italiano had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty hours per work week.

19. As a result of Mambo Italiano's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Mambo Italiano violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

20. Mambo Italiano's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Due to Mambo Italiano's FLSA violations, Plaintiff was damaged and is entitled to recover from Mambo Italiano compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – DELAYED PAYMENT OF WAGES

22. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

23. At all relevant times, Mambo Italiano was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, Mambo Italiano employed Plaintiff within the meaning of the FLSA.

25. It was Mambo Italiano's common practice to pay employees late and withhold pay without notice.

26. After Plaintiff's last day of work on or about July 18, 2015, Mambo Italiano refused to pay Plaintiff for hours worked during his last pay period.

27. Plaintiff had to beg Mambo Italiano to pay wages for this last period, and Mambo Italiano continued to refuse payment for several weeks.

28. Mambo Italiano intentionally withheld wages to punish Plaintiff for requesting overtime and deciding to find other work.

29. After several weeks, Mambo Italiano finally paid Plaintiff for the last pay period (but continues to withhold earned overtime as alleged in Count I).

30. Plaintiff was damaged by Mambo Italiano's refusal to timely pay Plaintiff.

31. As a result of Mambo Italiano's willful failure to timely compensate Plaintiff the applicable wage for all hours worked during the last pay period, Mambo Italiano is liable for liquidated damages in the amount of the last paycheck.

32. Mambo Italiano's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to Mambo Italiano's FLSA violations, Plaintiff was damaged and is entitled to recover liquidated damages for Mambo Italiano's refusal to timely pay the last pay period wages, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Mambo Italiano:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of unpaid compensation for overtime to Plaintiff;

C. An award of liquidated damages to Plaintiff;

D. An award of prejudgment and post-judgment interest to Plaintiff;

E. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

F.	Such other and further relief as this Court deems just and proper.

This 2nd day of December, 2015.

**HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Christopher B. Hall
HALL & LAMPROS, LLP
Ga Bar No. 318380
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
ATTORNEYS FOR THE
PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.